JEWETT & SHERMAN COMPANY, Respondent, vs. ROSEN-
BERG BROTHERS & COMPANY, Appellant.

*October 18—November 13, 1923.*

*Sales: Delivery: Time for examination and approval: Computa-
tion.*

1. Under a contract for the purchase of a carload of honey
   which allowed a certain time for inspection and acceptance
   after "arrival," the shipment cannot be said to have arrived
   until the seller's brokers, to whom the car was consigned,
   delivered the bill of lading to the purchaser and notified it
   that the car was on the tracks for delivery.   p. 35.
2. A clause in the contract that if the shipment was not accepted
   or disapproved "within three full business days after ar-
   rival, and goods are subject to buyer's privilege of exami-
   nation, contract shall be considered fully complied with on
   seller's part," means that the buyer should have three business
   days in which to make such examination after the honey had
   been put in a suitable place therefor, the buyer using reason-
   able diligence to so place it.   p. 35.

APPEAL from an order of the circuit court for Milwau-
kee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

The appeal is from an order reversing the judgment of the
civil court of Milwaukee county in favor of the defendant,
and ordering a new trial in the circuit court.

For the appellant there were briefs by *Hoyt, Bender, Mc-
Intyre & Hoyt* of Milwaukee, and oral argument by *Eugene
L. McIntyre.*

*Arnold C. Otto* of Milwaukee, for the respondent.

CROWNHART, J.   This action arose out of a written con-
tract between the appellant, located in San Francisco, the
seller of a carload of honey, and the respondent, located
in Milwaukee, the honey to be consigned to appellant's bro-
kers in Milwaukee.

The contract provided, among other things, as follows:

"*Examination and approval:* If shipment is not accepted
or disapproved within three (3) full business days after ar-

rival, and goods are subject to buyer's privilege of examination, contract shall be considered fully complied with on seller's part."

The civil court held that said provision in the contract should be interpreted to mean that the buyer should have three days from the time the car arrived in Milwaukee in which to express his disapproval, failing which the contract would be deemed to have been fully performed on the seller's part. Upon the evidence adduced on the trial the civil court directed a verdict in favor of the appellant because the three business days had expired before disapproval was expressed by the buyer under such interpretation of the contract. The respondent appealed to the circuit court, which court interpreted the clause of the contract to mean that the buyer should have three full business days in which to inspect the honey after it had been able, with due diligence, to place the honey in suitable position to make such inspection. Thereupon the circuit court reversed the judgment of the civil court and granted a new trial.

As the case must go back for a new trial, this court will only consider the point of law here in issue, and that is the construction of the quoted clause of the contract. As the honey was consigned to appellant's brokers in Milwaukee, the car cannot be said to have arrived until the brokers delivered the bill of lading to the respondent and notified it that the car was on tracks in Milwaukee for delivery. The contract is construed to give the buyer the privilege of examination before approval. This being so, it is held that under the contract the buyer had three business days in which to make such examination after the honey had been put in a suitable place to make the examination, the buyer using reasonable diligence to so place the honey.

*By the Court.*—The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.